Opinion by
White, P. J.

fTransferred from Austin.J

§ 383. Easements; definition and qualities of; case slated. In 1871, one D. C. Mitchell owned, occupied and cultivated a tract of land in Hays county, Texas. His dwelling-house and all improvements were on the north end of the ■ tract. There was a farm road running north and south from his improvements, to and through his cultivated land. This road was established and used by him on his own land, for his own private convenience in the use, cultivation and enjoyment of his said farm, and did not extend beyond the limits of his own farm. It was emphatically a farm road and was used for farm purposes only. On the 27th of October, 1871, Mitchell executed a deed to appellant to a right of way, being a strip of two hundred feet wide, through this tract of land, said right of way running nearly east and west through said tract, dividing it into two parts. In this deed Mitchell made no mention of his farm road, which the said right of way necessarily crossed, and did not reserve said road, or any right in and to the same, nor stipulate for any other road across the right of way. On the 2Gth of September, 1879, Mitchell sold his tract of land to the appellee, Bost. In September or October, 1880, appellant, in constructing its road-bed on its right of way through said land, threw up embankments across the farm, except at a dry branch, the place where the farm road crossed the right of way; and there trestle work' was erected, which was five and a half feet high, over the farm road. About three hundred feet north of this trestle work, appellant constructed a crossing over its right of way to enable the owner to pass from one part of his farm to the other. The old road was so much obstructed by the trestle work as that a loaded wagon *335 could not pass under said trestles. The crossing made by appellant was inconvenient, and the grade thereof such that it was with some difficulty a loaded wagon could be pulled over it. These are in substance the material facts as they were shown to exist when this suit was instituted. Appellee brought this suit to recover $850 damages for obstructing the farm road mentioned, and for failing to keep in repair a crossing for him over appellant’s right of way. The record does not show the date of the institution of the suit. Appellant’s demurrer and exceptions to appellee’s petition -were overruled, and appellee recovered judgment for $500 damages. Appellee’s statement of the gist of his cause of action is: “The allegations contained in the petition do not lay the right to recover upon the basis that the old roadw^ay is obstructed; that is matter of inducement, and intended to show the convenient, practicable and reasonable point of crossing; but the fight to recover is based upon the allegation that appellant oppressively neglects to provide any convenient and sufficient crossing, neither at the point formerly used, nor at any other point; that is, that his right of way is obstructed; that the right of way here claimed by appellee is a way appurtenant, resulting from the deed to appellee by D. C. Mitchell, the vendor of appellee; arising out of the necessities of the vendor, as they existed at the date of the deed to appellant (being reserved by operation of law); and that this way appurtenant passed with the deed to the land, from said Mitchell to appellee, as appurtenant to the estate thus conveyed.”
An easement is a right which one proprietor has to some profit, benefit or lawful use, out of or over the estate of another proprietor. [Wash, on Easements, 4; W. & W. Con. Rep. § 1057.] Easements have these essential qualities: There must be two tenements owned by several proprietors,— the dominant, to which the privilege is attached; the servient, upon which it is imposed. [Bouvier’s Law Die. “Easement.”] An ease *336 ment cannot -be imposed on one’s own property, by his own use of it. In case of two estates, to one of which there is a way appurtenant, the owner of one becoming the owner of both, extinguishes the right of way by becoming the owner of the servient land. [Wash, on Easem. p. 95.] A user by Mitchell of the road through his farm did not, and could not, establish it either as an easement or as a right of way appurtenant to the land, because he was both the dominant and servient owner, and no use by him of his own property could impose a servitude upon it.
§ 384. Same; ways; rules as to. “As there can be no grant of a man to himself, nor an adverse use of his own land by one against himself, it may be regarded as a mere truism to say that no length of use of a way, for instance, by a man over one parcel of his land to another, can create an easement of way in favor of the latter parcel. No one can prescribe in his own land. . . . And such a way would not pass as appurtenant to such parcel upon a grant of the same.” [Wash, on Easem. p. 171, §§ 74, 75.] “ A way is an incorporeal hereditament, and consists in the right of passing over another’s ground. It may arise either from grant, necessity or prescription, and is either in gross or appendant to land. A right of way may be in gross, that is, attached to the person using it, or appurtenant to the land; but a way is never presumed to be in gross, when it can fairly be construed to be appurtenant to the land. . . . Ways are said to be appendant or appurtenant when they are incident to the estate.” [Wash, on Easem. pp. 231, 232.] Now to apply these well established fundamental rules. Mitchell, by user alone of the road, so long as he owned the farm could neither establish an easement upon, or create a right of way appendant or appurtenant to, the farm. This was the status of the farm when he conveyed the right of way through it to appellant. There was no easement in or right of way appendant or appurtenant to it. He could have reserved a right of way; he *337 could have reserved his right to the farm road just as then laid out and used by him, but he did not do so. His grant was an unconditional one so far as his farm road was concerned. Had the road been appurtenant, then indeed a deed of the land to appellant would have carried with it the privileges appurtenant to it, and in such case parol evidence would have been inadmissible to show they were excluded by the agreement. [Pierce on Railroads, p. 133.] But such, we have seen, was not and could not have been the case here.
§ 385. Right of way deed to railroad company; effect of, as to damages. “A deed of land to a railroad company for the location of its road is presumed to include a license to do what is lawful in the construction and management of its road, to the same extent, and with the same effect, as if the land had been compulsorily taken; and it is therefore construed to release a claim for injury to other land of the grantor, or for other damages to which he would have been entitled if the land had been taken in invitum. But, notwithstanding the deed, the company remains liable for injuries arising from the negligent and unskilful construction of its road.” [Pierce on Railroads, 133, 134; R. R. Co. v. Adams, 58 Tex. 476: R. R. Co. v. McKinney, 55 Tex. 176.]
§ 386. Way of necessity; damages. Having granted the right of way, without reservation of his farm road, Mitchell himself could only claim a road or way over the-right of way upon the doctrine of ways of necessity. “A way of necessity can only be created over one of' two parcels of land of which the grantor was the owner,., when the same was conveyed or reserved; and it arises-in favor of such parcel when the same is wholly surrounded by what had been the grantor’s other land, or-partly by this, and partly by that of a stranger. This arises from the effect of the grant or reservation of the land itself, and it is so far appurtenant to it as to pass; with the land to another, provided he have no other way of access to the same.” [Wash, on Easem. p. 233.]- *338 Mitchell would clearly he entitled to a way by necessity, over the right of way, from the one portion of his farm to the other, and he being so entitled, his deed would and did convey the same right to appellee. Conceding this right, under what circumstances could appellee avail himself of it? “If farm crossings will be necessary, and the law does not impose upon the railroad company the duty of their construction and maintenance, the want thereof, or any expense necessary to be incurred by the owner to secure such a convenience, or to lessen the injury from the absence and want of such crossing, may be considered on the question of damages.” [3 Sutherland on Dam. 444, 445.] And had the land been condemned, would doubtless have been considered with regard to the damages “peculiar to him and connected with his ownership, use and enjoyment of the particular parcel of land.” [R. S. art. 4196.] Our statute does not require railroad companies to construct or keep up farm crossings. In this case appellee was entitled to a way of necessity, as a farm crossing over appellant’s right of way. He was not entitled to the old road' as a matter of right. To force appellant to give him that right of way, would have entailed upon it, perhaps, an entire change of grade for several miles, at an expense to appellant exceeding, perhaps, the value of the entire farm. No such hardship and injustice would be countenanced by the law. He was only entitled to claim a crossing over the right of way. This appellant gave him. If it was inconvenient, or did not suit him, he could, at his own expense, have changed it to some other and more convenient place, provided he paid due regard to the rights of appellant in his selection, and the law would protect him in such right. As the case is presented, appellee has no cause of action against appellant.
October 29, 1884.
Reversed and remanded.